DAVID B. ROSEN (7152-0)
LAUREN M. AKITAKE (8858-0)
THE LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, HI 96813
Ph.: (808) 523-9393
Fax: (808) 523-9595
rosenLaw@hawaii.rr.com
lakitake@rosenlawhawaii.com

Attorneys for Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ONEWEST BANK, FSB, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, as Trustee for BCAP 2008-IN1, SUCHAN MURRAY, and INDYMAC FINANCIAL SERVICES, INC. (incorrectly named in the Amended Complaint as INDYMAC FINANCIAL SERVICES)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LINDA WUNDER DEL PIANO, and DOUGLAS B. HACKETT, as Trustee of the Paulehia Street Trust,

Plaintiffs, Pro se,

vs.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., "MERS," its successors in interest and/or assigns, INDYMAC FINANCIAL SERVICES, a division of OneWest Bank, FSB, its successors in interest and/or assigns, ONEWEST BANK, FSB, its successors in interest and/or assigns, EXPRESS CAPITAL LENDING, its successors in interest and/or assigns, HSBC BANK USA, N.A., a National Association, as Trustee for BCAP 2008-IN 1, its successors in

CIVIL NO. CV 11-00140 SOM-BMK

**FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING: (1) [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR**

interest and/or assigns, FIRST AMERICAN TITLE INSURANCE CO., its successors in interest and/or assigns, SUCHAN MURRAY, employee of OneWest Bank, ROUTH CRABTREE OLSEN, P.S., PETER T. STONE, and DOES 1 TO 10,

Defendants.

---

HSBC BANK USA, N.A., a National Association, as Trustee for BCAP 2008-IN 1, its successors in interest and/or assigns,

Counterclaimant,

vs.

LINDA WUNDER DEL PIANO, DOUGLAS B. HACKETT, individually, and THE PAULEHIA STREET TRUST, through its Trustee Douglas B. Hackett,

Counterclaim Defendants,

and

BANK OF HAWAII; DOES 1-10,

Third-Party Defendants.

**VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011); (2) [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN [77] DEFENDANTS' MOTION FOR SUMMARY JUDMGENT RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF; and (3) [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE**

**HEARING**
**Date:** February 13, 2012
**Time:** 9:00 a.m.
**Judge:** Hon. Susan Oki Mollway

**FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING: (1) [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011); (2) [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN [77] DEFENDANTS' MOTION FOR SUMMARY JUDMGENT RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF; and (3) [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE**

The following came on for hearing before the Honorable Susan Oki Mollway on February 13, 2012: (1) [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011) ("[77]

Defendants' MSJ re: FAC"); (2) [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN Defendants' MSJ re: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF ("[83] First American's Joinder"); and (3) [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE ("[75] HSBC's MSJ for Foreclosure").

David B. Rosen, Esq. appeared on behalf of Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), ONEWEST BANK, FSB ("OneWest"), HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, as Trustee for BCAP 2008-IN1 ("HSBC"), SUCHAN MURRAY ("Murray"), and INDYMAC FINANCIAL SERVICES, INC. (incorrectly named in the Amended Complaint as INDYMAC FINANCIAL SERVICES) ("IMFS") (collectively, "Defendants"). David J. Minkin, Esq. appeared on behalf of Defendant FIRST AMERICAN TITLE INSURANCE CO ("First American"). Plaintiff LINDA WUNDER DEL PIANO ("DEL PIANO") appeared *pro se* via telephone.

The Court having heard and considered the evidence presented, and being fully advised in the premises, finds as follows:

## FINDINGS OF FACT

1. HSBC is, and at all times relevant was, a national banking association, authorized to do business in the State of Hawaii.

2. DEL PIANO was a resident of the County of Hawaii, State of Hawaii, and was an individual whose ownership, use or possession of real property in Kailua-Kona, gives rise to this action.

3. *Former* Plaintiff DOUGLAS B. HACKETT, as Trustee of the Paulehia Street Trust ("HACKETT") is, and at all times relevant was, a resident of the State of Hawaii.

4. Pursuant to the Court's Order filed July 1, 2011, HACKETT was stricken as a Plaintiff from the instant case.

5. For valuable consideration, on or about March 27, 2007, DEL PIANO executed and delivered a written Promissory Note dated March 16, 2007, in favor of Express Capital Lending, a California corporation ("Express") in the principal amount of $453,250.00 (hereinafter referred to as the "Note").

6. At the time of the execution and delivery of the Note, and as part of the same transaction and for the purpose of securing payment to the payee or holder of the Note of the principal sum and interest mentioned therein when the same should become due and payable, DEL PIANO, as mortgagor, secured the Note by execution of that certain Mortgage dated March 16, 2007, in favor of

MERS solely as nominee for Express, which was recorded on March 30, 2007 in the Bureau of Conveyances of the State of Hawaii, as Regular System Document No. 2007-058303 (the "Mortgage").

7. The Mortgage constitutes a first priority lien interest in the mortgaged property, located at 75-6116 Paulehia Street, Kailua-Kona, Hawaii 96740 (TMK No. (3) 7-5-042-092-0000) ("Mortgaged Property").

8. The Mortgage was subsequently assigned by MERS to HSBC pursuant to an Assignment of Mortgage, recorded on December 9, 2010, in the Bureau of Conveyances of the State of Hawaii, as Regular System Document No. 2010-190976 (the "Assignment").

9. HSBC is now the current holder/owner of the Note and Mortgage.

10. On April 25, 2011, a quitclaim deed was recorded in the Bureau of Conveyances of the State of Hawaii, as Regular System Document No. 2011-067149 ("Deed"), conveying DEL PIANO's interest in the Mortgaged Property to the Paulehia Street Trust (the "Trust"). The conveyance made by the Deed was done subject to HSBC's Mortgage interest in the Mortgaged Property.

11. DEL PIANO is the sole beneficiary of the Trust. Although HACKET is the trustee of the Trust, the Court deems DEL PIANO to be the real party in interest and the owner of the Trust.

12. As such and regardless of the Deed, DEL PIANO is the sole owner of the Mortgaged Property.

13. DEL PIANO is in default under the terms of the Note and Mortgage in that DEL PIANO has breached her covenant to pay the sums owed thereunder at the time the same became due and payable. Under the terms of the Note and Mortgage, the entire remaining principal balance and interest thereon is due and payable, together with costs, expenses, attorneys' fees and late fees, all of which are secured by the Mortgage.

14. By reason of said breach, HSBC has exercised, and does hereby exercise, its option under the terms and covenants of the Note and Mortgage to declare the entire principal balance due under the Note and Mortgage, together with interest, immediately due and payable.

15. Due notice has been given to DEL PIANO of HSBC's exercise of its option, and although HSBC (through its predecessor in interest) has made demand upon DEL PIANO for payment of the sum due under the Note and Mortgage, DEL PIANO has failed to pay the same.

16. As of March 8, 2011, there was due and owing from DEL PIANO to HSBC under the Note and Mortgage a principal balance of $474,890.57, plus interest and late fees in amounts to be shown, plus any further advances made by HSBC for property expenses (real property taxes, fire and/or mortgage insurance

premiums, inspection and/or property preservation fees, etc.), until the closing of the sale herein, together with attorneys' fees and costs and such other and further amounts and charges as may be proper and allowed, all of which constitute a valid first lien on the Mortgaged Property.

17. By reason of the facts hereinbefore set forth and alleged, HSBC is entitled to the foreclosure of its Mortgage and the sale of the Mortgaged Property.

18. The Mortgage provides that in the event of foreclosure, HSBC may be awarded all amounts secured by the Mortgage, including reasonable attorneys' fees and all costs, expenses or advances made by HSBC for the benefit or protection of the Mortgage and Mortgaged Property or in connection therewith.

19. HSBC has incurred other fees, costs and expenses in connection with the transaction described in the Complaint, which fees, costs and expenses will be shown at the hearing on the confirmation of the sale of the Mortgaged Property.

20. The Mortgage provides that the mortgagee (i.e., HSBC) may be the purchaser at any foreclosure sale.

21. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Court.

22. All parties entitled to notice of the motions, in particular HSBC's Motion for Summary Judgment for Foreclosure, have been provided with due and adequate notice.

There is no just reason for delay in entering a final judgment as to HSBC's Counterclaim for Foreclosure pursuant to Federal Rules of Civil Procedure 54(b).

## CONCLUSIONS OF LAW

Pursuant to the foregoing findings of fact, the Court concludes:

1. The Note represents a valid and binding legal obligation, as to which HSBC has performed and DEL PIANO has defaulted.

2. The Note is secured by the Mortgage on the Mortgaged Property.

3. HSBC is entitled to judgment on the Note. As of March 8, 2011 there was due and owing from DEL PIANO to HSBC under the Note and Mortgage a principal balance of $474,890.57, plus interest and late fees in amounts to be shown, plus any further advances made by HSBC for property expenses (real property taxes, fire and/or mortgage insurance premiums, inspection and/or property preservation fees, etc.), until the closing of the sale herein, together with attorneys' fees and costs and such other and further amounts and charges as may be proper and allowed.

4. The amounts due and to become due to HSBC constitute a valid first lien upon said Mortgaged Property.

5. HSBC is entitled to have its Mortgage foreclosed upon the Mortgaged Property and to have the Mortgaged Property sold in a manner subscribed by law.

6. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Circuit.

7. HSBC is entitled to judgment as a matter of law on its Counterclaim to Foreclose.

8. Pursuant to FRCP 54(b), this Court expressly directs that final judgment shall be entered as to HSBC's Counterclaim for Foreclosure as there is no just reason for delay.

**ORDER GRANTING: (1) [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011); (2) [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN [77] DEFENDANTS' MOTION FOR SUMMARY JUDMGENT RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF; and (3) [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE**

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-

IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011), is granted in its entirety;

2. [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN [77] DEFENDANTS' MOTION FOR SUMMARY JUDMGENT RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, is granted in its entirety; and

3. [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE, is granted in its entirety as follows:

    a. Summary Judgment and Interlocutory Decree of Foreclosure in favor HSBC and against Plaintiffs is hereby entered. Pursuant to Rule 54(b), Federal Rules of Civil Procedure, this Court expressly directs that said summary judgment and interlocutory decree of foreclosure be and are hereby entered as final

judgments as to HSBC's Counterclaim for Foreclosure as there is no just reason for delay.

  b. Plaintiff DEL PIANO is in default under the Note and Mortgage currently held by HSBC. There is due and owing and unpaid to HSBC from DEL PIANO the principal sum of $474,890.57, plus interest and late fees in amounts to be shown, plus any further advances made by HSBC for property expenses (real property taxes, fire and/or mortgage insurance premiums, inspection and/or property preservation fees, etc.), until the closing of the sale herein, together with attorneys' fees and costs and such other and further amounts and charges as may be proper and allowed, all as lawfully chargeable under the provisions of the Note and Mortgage held by HSBC, the total of which the Court shall determine at a subsequent hearing, all of which said sums constitute a valid first lien upon the Mortgaged Property prior to all other liens, and all of which allowable and awarded sums shall be paid at the date of closing of the sale hereinafter authorized. The Mortgage currently held by HSBC shall be and is hereby foreclosed as prayed, and the Mortgaged Property shall be sold at public auction, without an upset price, as authorized by law and under the provisions of said Mortgage, or by way of private sale. The sale shall not be final until approved and confirmed by the Court.

c. Robert D. S. Kim, whose address is P.O. Box 188, Kealakekua, Hawaii 96750, and whose telephone number is 808-323-2100, is hereby appointed as Commissioner by this Court and such Commissioner shall henceforth hold all equitable and legal title to the Mortgaged Property, and is hereby authorized and directed to take possession of the Mortgaged Property, to rent the Mortgaged Property pending foreclosure, if appropriate, and to sell the Mortgaged Property in its **"AS-IS"** condition, without any representations or warranties whatsoever as to title or possession, and by way of quitclaim conveyance, by public Commissioner's sale, without an upset price, in accordance with this Order. No public Commissioner's sale shall occur until after notice of such sale is given by the Commissioner by publication in the classified section of a daily newspaper of general circulation printed and published in the State of Hawaii, as may be directed by the Court from time to time. The notice shall be published once in each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication. The notice shall give the date, time and place of sale and an intelligible description of the Mortgaged Property, and shall disclose all of the terms of the foreclosure sale. The Commissioner may continue the sale from time to time in the Commissioner's discretion. No bond shall be required of the Commissioner. The Commissioner shall be awarded a reasonable fee as Commissioner in an amount to be subsequently determined by the Court. The Commissioner's fees and costs shall be deemed to be secured by

HSBC's Mortgage lien on the Mortgaged Property. In the event the person appointed in this order refuses or becomes unable to act as Commissioner, the Court may appoint another person to serve as Commissioner, without further notice or hearing.

      d. The Commissioner shall hold all proceeds of sale of the Mortgaged Property to the credit of this cause subject to the directions of this Court. A further hearing shall be held in this action to consider confirmation of the foreclosure sale. At the hearing, the Court shall hear proof of the claim of any other party and shall determine the priority among the claims of the parties besides HSBC. At the hearing, the Court may, upon a showing of good cause, also allow reopening of the auction by accepting higher bids, the first of which must be at least one hundred five percent (105%) of the highest bid at the Commissioner's sale; anyone may reopen the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person had bid, or could have bid, at the Commissioner's sale. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded. The Court shall determine the amount of the fee of the Commissioner and the amount of the attorneys' fees and costs of HSBC and shall direct the final payment of the proceeds of the foreclosure sale. Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting

of receipts, expenses and distributions.

e. DEL PIANO and all parties hereto, and all persons claiming by, through or under DEL PIANO, except for any governmental authority enforcing a lien for unpaid real property taxes as to the Mortgaged Property, will be perpetually barred of and from any and all right, title and interest in the Mortgaged Property or any part thereof upon closing of the sale herein authorized.

f. Pursuant to Section 501-151 of the Hawaii Revised Statutes, as amended, any and all other or further encumbrances or purchasers in respect of the Mortgaged Property or any part thereof, whose interest arises from and after March 8, 2011, will be hereby forever barred of and from any and all right, title and interest in and to the Mortgaged Property and every part thereof upon the closing of the sale herein authorized.

g. HSBC and all parties are hereby authorized to purchase the Mortgaged Property at the foreclosure sale. The successful bidder at the sale shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bid price. This payment shall be in cash, money order, by cashier's check or by certified check, provided that HSBC may satisfy the down payment by way of offset up to the amount of its secured debt; prior to bidding, any person not hereby authorized to credit bid must show the Commissioner such person's present ability to make the required down payment in such form immediately upon the close of the bidding. At the Court's discretion, the

10% down payment may be forfeited in full or in part if the purchaser shall fail to pay the balance of the purchase price as hereinafter set forth.  In no event shall the purchaser be liable for damages greater than the forfeiture of the 10% down payment.  The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale, provided that if HSBC is the purchaser at the foreclosure sale, HSBC may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt.  The Commissioner may require that the sale close through an escrow, even if the purchaser does not require one.  All costs and expenses of closing, including without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the Mortgaged Property, shall be the responsibility of and paid by the purchaser.  Neither the availability of the title insurance nor securing possession of the Mortgaged Property shall be a condition of closing.

[SIGNATURE PAGE FOLLOWS]

DATED: Honolulu, Hawaii, April 3, 2012.

/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

APPROVED AS TO FORM:

________________________________
LINDA WUNDER DEL PIANO
Plaintiff *Pro Se*

---

LINDA WUNDER DEL PIANO, et al v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al; CIVIL NO. CV 11-00140 SOM-BMK; **FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING: (1) [77] DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, ONEWEST BANK, FSB'S, HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S, SUCHAN MURRAY'S, AND INDYMAC FINANCIAL SERVICES, INC.'S (INCORRECTLY NAMED IN THE AMENDED COMPLAINT AS INDYMAC FINANCIAL SERVICES) MOTION FOR SUMMARY JUDGMENT (RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF, FILED MAY 20, 2011); (2) [83] DEFENDANT FIRST AMERICAN TITLE INSURANCE CO.'S JOINDER IN [77] DEFENDANTS' MOTION FOR SUMMARY JUDMGENT RE: AMENDED COMPLAINT FOR VERIFICATION OF DEBT ELSE RELEASE OF CLAIM AND FOR DECLARATORY AND INJUNCTIVE RELIEF; and (3) [75] DEFENDANT HSBC BANK USA, N.A., A NATIONAL ASSOCIATION, AS TRUSTEE FOR BCAP 2008-IN1'S MOTION FOR SUMMARY JUDGMENT (RE: HSBC BANK USA, N.A.'S COUNTERCLAIM FOR FORECLOSURE), AND FOR INTERLOCUTORY DECREE OF FORECLOSURE.**