IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LINDA WUNDER DEL PIANO, and DOUGLAS B. HACKETT, as Trustee of the Paulehia Street Trust, | ) ) ) ) ) | CIVIL NO. 11-00140 SOM/BMK<br><br>ORDER DENYING (1) "PLAINTIFF'S EMERGENCY EX PARTE MOTION TO REJECT DEFENDANTS' 'FINDINGS OF FACTS; AND CONCLUSIONS OF LAW; AND ORDER GRANTING' BECAUSE OF MATERIALLY SIGNIFICANT FALSE STATEMENTS OF FACT; MOTION TO VACATE OR REVERSE ORDER GRANTING DEFENDANTS AN 'INTERLOCUTORY OF FORECLOSURE,'" AND (2) "EX PARTE MOTION TO SHORTEN TIME FOR HEARING" |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) ) ) | |
| _____ | ) | |

ORDER DENYING (1) "PLAINTIFF'S EMERGENCY EX PARTE
MOTION TO REJECT DEFENDANTS' 'FINDINGS OF FACTS;
AND CONCLUSIONS OF LAW; AND ORDER GRANTING' BECAUSE
OF MATERIALLY SIGNIFICANT FALSE STATEMENTS OF FACT;
MOTION TO VACATE OR REVERSE ORDER GRANTING DEFENDANTS
AN 'INTERLOCUTORY OF FORECLOSURE,'" AND
<u>(2) "EX PARTE MOTION TO SHORTEN TIME FOR HEARING"</u>

Plaintiff Linda Wunder Del Piano has filed a document with the title "Plaintiff's Emergency Ex Parte Motion to Reject Defendants' 'Findings of Facts; and Conclusions of Law; and Order Granting' Because of Materially Significant False Statements of Fact; Motion To Vacate or Reverse Order Granting Defendants an 'Interlocutory Decree of Foreclosure'" (referred to in this order as the "Motion To Reject and Vacate"). She has also submitted an "Ex Parte Motion To Shorten Time for Hearing" on the Motion To Reject and Vacate. The court denies the motions.

This case was initiated by Del Piano, who brought claims against those she felt had mishandled the loan on her property. Defendant HSBC Bank USA, N.A., a National Association, as Trustee for BCAP 2008-IN1, filed a counterclaim seeking foreclosure and moved for summary judgment on the counterclaim. The court issued an order granting the motion and a separate order that included the foreclosure decree. Del Piano now seeks to undo the court's rulings.

Del Piano seeks relief based on her argument that HSBC Bank USA, N.A., a National Association, as Trustee for BCAP 2008-IN1, is erroneously identified by this court as the current holder/owner of Del Piano's Note and Mortgage. Del Piano argues that the court should therefore not allow HSBC to foreclose on Del Piano's property.

In support of the argument she now makes, Del Piano attaches to the Motion To Reject and Vacate what appears to be material printed from an internet site that she apparently searched in connection with inquiries she was making about what lender had an interest in her property. According to Del Piano, the internet site, which appears to have the address http://www.mers-servicerid.org, refers on one page to an "investor" with the name "HSBC Bank USA as Trustee," and on another page to "HSBC Bank USA, National Association." The first of these two pages has a date of January 22, 2011, which appears

to have been a date automatically included in the printout. The second has a date of March 30, 2012, which appears to have been typed in by Del Piano. Del Piano contends that the holder of the Note and Mortgage must have "changed from 'HSBC Bank USA, N.A., a National Association, as Trustee for BCAP 2008-IN1' trust to 'HSBC Bank USA, National Association' itself." Motion To Reject or Vacate at 2. This argument does not follow.

The court cannot conclude from the way the website, which does not appear to be an HSBC website, identifies HSBC that a change in status or identity has actually occurred. What Del Piano has submitted is not sufficient to create an issue of fact that precludes summary judgment.

Moreover, it is not at all clear to the court why Del Piano only now submits the material she relies on. Del Piano filed a response to HSBC's motion for summary judgment on January 27, 2012. Presumably, she could have searched the website before submitting that response, to update her apparent search of about a year earlier (January 22, 2011). Instead, she waited until after this court had ruled to do that. She provides no reason that she could not have done this earlier. A party seeking reconsideration of an order cannot fail to be diligent, then belatedly try to undo what the court has done.

The untimeliness of Del Piano's submission is particularly problematic because the foreclosure decree entered

on April 3, 2012, was preceded by the order filed on February 24, 2012, granting summary judgment to HSBC. The April 3 order included the actual foreclosure decree, named the foreclosure commissioner, and included the foreclosure details, but it flowed inevitably from the February 24 order. Whatever Del Piano wanted the court to consider with respect to HSBC's status should have been submitted well before the April 3 order issued. Even if it were appropriate for Del Piano to submit material in a reconsideration motion, that reconsideration motion should have addressed the February 24 order. By now, the period for seeking reconsideration of the February 24 order has passed, regardless of whether reconsideration is sought pursuant to Local Rule 60.1, Rule 59 of the Federal Rules of Civil Procedure, or Rule 60 of the Federal Rules of Civil Procedure.

For all of the reasons set forth above, the motions submitted by Del Piano today are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 4, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

LINDA WUNDER DEL PIANO, et al. v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.; CIVIL NO. 11-00140 SOM/BMK; ORDER DENYING (1) "PLAINTIFF'S EMERGENCY EX PARTE MOTION TO REJECT DEFENDANTS' 'FINDINGS OF FACTS; AND CONCLUSIONS OF LAW; AND ORDER GRANTING' BECAUSE OF MATERIALLY SIGNIFICANT FALSE STATEMENTS OF FACT; MOTION TO VACATE OR REVERSE ORDER GRANTING DEFENDANTS AN 'INTERLOCUTORY OF FORECLOSURE,'" AND (2) "EX PARTE MOTION TO SHORTEN TIME FOR HEARING"